UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MICHAEL KRAHN,<br><br>   Plaintiff,<br><br>v.<br><br>JOHN CRANNEY and KATHY CRANNEY,<br><br>   Defendants. | Case No. 4:21-cv-00491-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Pending before the Court is Plaintiff Michael Krahn's Complaint (Dkt. 1), Application to Proceed in forma pauperis (Dkt. 2), and Supplemental Application to Proceed in forma pauperis (Dkt. 4). Pursuant to 28 U.S.C. § 1915, the Court must review Krahn's request to determine whether he is entitled to proceed in forma pauperis—which permits civil litigants to proceed without prepayment of the filing fee or to pay the filing fee over time. *Rice v. City of Boise City*, 2013 WL 6385657, at *1 (D. Idaho Dec. 6, 2013). The Court must also undertake an initial review of Krahn's Complaint to ensure it meets the minimum required standards.

For the reasons explained below, the Court GRANTS Krahn's Motion to proceed in forma pauperis and waives the filing fee. Additionally, the Court will allow Krahn to proceed with his complaint.

MEMORANDUM DECISION AND ORDER – 1

## II. APPLICATION TO PROCEED IN FORMA PAUPERIS

"[A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, . . . without prepayment of fees or security therefor." 28 U.S.C. § 1915(a)(1). In order to qualify for in forma pauperis status, a Plaintiff must submit an affidavit that includes a statement of all assets he possesses and indicates that he is unable to pay the fee required. The affidavit is sufficient if it states that the plaintiff, because of his poverty, cannot "pay or give security for the costs" and still be able to provide for himself and dependents the "necessities of life." *Adkins v. E.I. DuPont de Numours & Co.*, 335 U.S. 331, 339 (1948). The affidavit must "state the facts as to affiant's poverty with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (internal quotation marks omitted).

Krahn's initial Application for Leave to Proceed in forma pauperis (Dkt. 2) was scant on details. He summarily explained that he receives roughly $1,100 per month in social security disability benefits and that his expenses are roughly equal to that limited income. Dkt. 2, at 1–2. Without prompting, Krahn subsequently filled out and submitted the Court's standard Affidavit in support of a request to proceed in forma pauperis. Dkt. 4. While still not comprehensive, Krahn provided a more detailed breakdown of his financial condition in that filing. *See generally Id.* Like his previous submission, Krahn explains that he spends essentially what he makes each month. *Id*. at 2, 4.

Upon review, the Court finds that Krahn has met his burden. He has little to no discretionary income—his income, in fact, places him just barely above the poverty

guidelines—and minimal assets. Accordingly, the Court will waive the filing fee in this case and allow Krahn to proceed in forma pauperis.

### III. SUFFICIENCY OF COMPLAINT

The Court is also required to screen complaints brought by litigants who seek in forma pauperis status. *See* 28 U.S.C. § 1915(e)(2). The Court must dismiss a plaintiff's complaint, or any portion thereof, if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i-iii). To state a claim upon which relief can be granted, a plaintiffs' complaint must include facts sufficient to show a plausible claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009).

While he requests relief from the filing fee in this case, Krahn is actually represented by counsel. Counsel appears to have drafted the Complaint in this case. While the Court has still undertaken an initial review of Krahn's Complaint, a deep dive into the allegations and claims is unnecessary as attorneys are bound by rules of professional conduct to be competent and diligent in all matters before a Court. This is not to say Krahn's Complaint is ironclad; Defendants may very well appear in the case and attack it right away for any reason they deem appropriate. The Court is simply saying that *at this threshold stage*, the Complaint is adequate enough that the case may proceed. Krahn may commence service of his complaint on Defendants.

### IV. CONCLUSION

The Court finds that Krahn has adequately demonstrated his indigency and grants the motion/application to proceed in forma pauperis. The filing fee is waived.

MEMORANDUM DECISION AND ORDER – 3

Additionally, the Court finds Krahn's Complaint withstands initial scrutiny and may be served upon Defendants and proceed.

## V. ORDER

1. Krahn's Motions to Proceed in forma pauperis (Dkts. 2, 4) are GRANTED. The filing fee is waived.

2. Krahn may proceed with service of the Summons of his Complaint in accordance with applicable procedures.

DATED: March 14, 2022

_____
David C. Nye
Chief U.S. District Court Judge