UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MICHAEL KRAHN,<br><br>      Plaintiff,<br>v.<br><br>JOHN CRANNEY AND KATHY CRANNEY,<br><br>      Defendants. | Case No. 4:21-cv-00491-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Pending before the Court in the above-entitled matter is Plaintiff Michael Krahn's Motion to Amend Complaint. Dkt. 17. The Defendants, John and Kathy Cranney, have consented to the Amended Complaint. Dkt. 17-1, at 1. For the reasons set forth below, the Court GRANTS the Motion and REMANDS the remaining claims to Idaho state court.

## II. BACKGROUND

On December 12, 2021, Krahn filed a complaint against the Defendants alleging two claims: (1) a violation of the Fair Housing Act ("FHA"); and (2) a violation of the Idaho Consumer Protection Act. Dkt. 1 at 4–6. On November 11, 2022, Krahn filed his Amended Complaint removing the federal FHA claim based upon the discovery of new information showing that the Defendants do not own more than three single-family homes—a requirement under the FHA. *See* 42 U.S.C. 3603 § 803. Dkt. 17, at 1. Krahn represents that the Defendants have consented to this amendment. Dkt. 17, at 2. If the Court

grants this motion, Krahn represents he will file a motion to remand the case to state court. *Id*.

### III. LEGAL STANDARD

Under Federal Rule of Civil Procedure 15(a)(2) "a party may amend its pleading only with the opposing party's written consent or the court's leave."

Under the Constitution of the United States of America, federal courts can hear "all cases, in law and equity, arising under this Constitution, the laws of the United States[...]." US Const., Art. III, Sec. 2. The Supreme Court of the United States has broadly interpreted this clause by asserting that the Constitution allows federal courts to hear cases that raise a federal question or "ingredient." *Osborn v. President, Dirs. & Co. of Bank*, 22 U.S. (9 Wheat.) 738, 823 (1824). Under 28 U.S.C.S. § 1331, federal courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

Cases dismissed for lack of subject matter jurisdiction should generally be dismissed without prejudice. *Frigard v. United States*, 862 F.2d 201, 204 (9th Cir. 1988) ("Ordinarily, a case dismissed for lack of subject matter jurisdiction should be dismissed without prejudice so that a plaintiff may reassert his claims in a competent court.").

### IV. ANALYSIS

Here, Krahn has stated that the parties have reached an agreement for amending the complaint to remove the FHA claim. Dkt. 17, at 2. Pursuant to Federal Rule of Civil Procedure 15(a), the Court will grant this amendment.

Furthermore, while Krahn states he will subsequently file a Motion to Remand to State Court after the Motion to Amend is granted, such is unnecessary. By granting the Motion to Amend Complaint, the federal claim is now absent from the case. As a result, the Court must remand this case, pursuant to 28 U.S.C.S. § 1331, as it no longer has federal jurisdiction.

To be sure, the Court *could* retain jurisdiction over the state law claims. *See Carlsbad Tech., Inc. v. HIF Bio, In*c., 556 U.S. 635, 639 (2009) ("A district court's decision whether to exercise that jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary.")[1] It could also wait for either party to ask for remand. However, because it is clear the parties both anticipate remand—and the Court finds it proper—it can streamline matters by remanding this suit on its own.

## V. CONCLUSION

Krahn's amended complaint has the consent of the Defendants and it will be GRANTED pursuant to Rule 15. Because the Court now lacks original jurisdiction, the matter is REMANDED to Idaho state court.

## VI. ORDER

**IT IS ORDERED:**

1. Krahn's Motion to Amend the Complaint (Dkt. 17) is **GRANTED**.

2. This case is hereby REMANDED to Idaho state court.

---

[1] "[I]in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n. 7 (1988).